SIMON C. DUBOIS, Respondent, v. BLUMENTHAL & EISEN COMPANY, INC., and MAYNARD SMITH, Appellants, and Others, Defendants. KATHERINE H. DUBOIS, Substituted as Administratrix, etc., of SIMON V. DUBOIS, Deceased, Respondent, v. BLUMENTHAL & EISEN COMPANY, INC., and MAYNARD SMITH, Appellants, and Others, Defendants.— Judgments unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

DUBROW PURE FOOD, INC., Respondent, v. ARTHUR GLAZEL, as President of Waiters Local Union No. 2, Affiliated with American Federation of Labor, and " JOHN " DAY, First Name " John " Being Fictitious, Real First Name Unknown to Plaintiff, as President of Cooks and Countermans Union No. 325, Affiliated with American Federation of Labor, and All Others Associated with Them in the Acts Herein Complained of, Appellants.*— Judgment modified by adding thereto the

* Aff'd., 263 N. Y. 589.

following: " Leave is given to the defendants or either of them to apply to the court on the foot of this judgment for a modification thereof, in the event that the plaintiff changes the nature of its business or if conditions undergo material change affecting rights of the defendants in the future, and rendering the terms of said judgment inapplicable." As so modified the judgment is unanimously affirmed, with costs to respondent. It is not sought on this appeal to question that the acts charged against the defendants in their picketing were arbitrary, illegal, oppressive and malicious, resulting in great and irreparable damage to the plaintiff. The argument on behalf of defendant Cooks and Countermans Union is that the judgment was broader than the scope of the complaint and that the permanent injunction granted by the judgment was too broad as not contemplating a possible change of condition in respect to the business of the plaintiff in the future. As to the first question, it has been found that the two unions conspired in their unlawful acts of picketing, and that when one was restrained by an order of injunction *pendente lite* the picketing went on with other signs equally false and misleading. The changing of signs was merely a continuance of the illegal picketing by similar acts in furtherance of the conspiracy. It created no new cause of action; and if amendment to the complaint were needed, the omission would now be supplied. (Civ. Prac. Act, § 105.) In an action of this kind the relief to be administered will be adapted to the exigencies of the case at the close of the trial. (*Lightfoot* v. *Davis*, 198 N. Y., 261, 273; *Bloomquist* v. *Farson*, 222 id. 375, 380.) As to the second question, the judgment is to be interpreted in the light of the findings of fact and conclusions of law in respect to the existing conditions and the acts complained of or threatened. This may not be construed by the defendants for their own benefit as justifying acts in substance the same, or by making slight changes in their tactics. It relates only to conditions denoting substantial changes in the plaintiff's business creating a new set of circumstances, when, if so advised, they are authorized to apply to the court for a modification of the judgment so as to prevent an interference with their legitimate rights. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.